CARROLL, CHAS., Judge.
Appellee Louis Vernell transferred four promissory notes, endorsed by him without recourse, to the appellant Eisenman. It developed that the notes were forged instruments. Eisenman filed an action at law in the circuit court in Dade County against Vernell alleging that the notes were forged, that demand had been made on Vernell to pay the same, and his refusal. Vernell answered calling attention to his endorsement without recourse, and pleading as a defense a written agreement which the parties had entered into at the time of his transfer of the notes to Eisenman, in which the latter had agreed not to look to Vernell for payment of the notes.
The agreement which the parties made, at the time of the endorsement and transfer of the notes to Eisenman, included the following :
“It is distinctly understood that the indorsement of the first party of said notes above mentioned and the sale herein set forth are without recourse to the first party [Vernell], and that the second parties [Eisenman] shall look solely to the maker and any subsequent indorsers.”
The cause was tried before the court without a jury and judgment was entered for the defendant Vernell.
On this appeal from the judgment Eisenman makes the contention that the notes, endorsed by Vernell without recourse, nevertheless came to him with a warranty from Vernell as to their genuineness. Appellee contends that by express agreement of the parties Vernell was relieved of liability. The learned trial judge was correct in according to that agreement the effect contended for by the appellee, and the judgment must be affirmed.
One who endorses a negotiable instrument without recourse is a qualified endorser, and is not liable as an ordinary endorser for payment of the instrument. But he may be liable for breach of warranty, because even an endorser without recourse warrants (1) the genuineness and reality of the instrument, (2) his good title, (3) the contractual capacity of prior parties, and (4) a want of knowledge of any facts which would impair validity of the instrument, or destroy its value. 4 Fla.Jur., Bills, Notes & Checks, § 136. See, also, 8 Am.Jur., Bills & Notes, § 540.
In his action on the notes, Eisenman sought to require Vernell to pay the notes, and his action was not for breach of a warranty of genuineness. However, had the complaint been so cast, or even if it *18 be assumed the cause was tried on that basis as though amended for such purposes (see rule 1.15(b) of 1954 Fla.R.C.P., 30 F.S.A.), the plaintiff Eisenman could not prevail in face of the agreement between these parties, in which Eisenman had expressly agreed that he would not seek payment from Vernell. See 8 Am.Jur., Bills & Notes, § 597.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.